THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL A. BACON,<br><br>                      Plaintiff,<br><br>v.<br><br>CACHE COUNTY JAIL et al.,<br><br>                      Defendants. | **MEMORANDUM DECISION & ORDER TO CURE DEFICIENT COMPLAINT**<br><br>Case No. 2:21-CV-648-TS<br><br>District Judge Ted Stewart |

Plaintiff, former Salt Lake County inmate Michael A. Bacon, brings this *pro se* civil-rights action against local and federal defendants.[1] Having now screened the Complaint, (ECF No. 7), under its statutory review function,[2] the Court orders Plaintiff to file an amended

---

[1] The federal statute creating a "civil action for deprivation of rights" reads, in pertinent part:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C.S. § 1983 (2022).
    Plaintiff also asserts *Bivens* claims against federal defendants. *See Watson v. Hollingsworth*, 741 F. App'x 545, 551 (10th Cir. 2018) (unpublished) ("When public officials inflict constitutional injuries in the course of performing their duties, they may be individually liable for damages. *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013). A *Bivens* action provides a "private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (quoting *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001)).").

[2] The screening statute reads:
> (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

complaint to cure deficiencies before further pursuing claims. Plaintiff also moves again for appointed counsel. (ECF Nos. 35, 38.)

## COMPLAINT'S DEFICIENCIES

The Complaint:

**(a)** is not on the form complaint required by Court.

**(b)** improperly names Cache and Salt Lake County Jails as § 1983 defendants, when they are not independent legal entities that can sue or be sued. *See Smith v. Lawton Corr. Facility*, No. CIV-18-110-C, 2018 U.S. Dist. LEXIS 45488, at *5 (W.D. Okla. Mar. 7, 2018) (stating correctional facilities "not suable entities in a § 1983 action").

**(c)** needs clarification on stating how Defendants' policies and practices violate the Constitution. (See below.)

**(d)** needs clarification on adequately stating a claim of inadequate medical treatment. (See below.)

**(e)** appears to inappropriately seek injunctive relief from defendants at past facilities where he has been held, while Plaintiff is now incarcerated elsewhere, which would presumably render requests for injunctive relief from any defendants at past facilities moot. *See Jordan v. Sosa*, 654 F.3d 1012, 1027-28 (10th Cir. 2011) (explaining inmate's official-capacity claim for injunctive relief against prison official mooted when inmate transferred to different facility).

**(f)** needs clarification on the standing doctrine. (See below.)

**(g)** needs clarification on constitutional standards for pretrial detainees. (See below.)

**(h)** possibly alleges "random and unauthorized deprivation of property under color of state law," without considering that such a claim "does not give rise to a § 1983 claim if there is an adequate state post-deprivation remedy." *See Frazier v Flores*, No. 13-1535, 2014 U.S. App. LEXIS 12936, at *4 (10th Cir. July 9, 2014) (unpublished) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)).

**(i)** needs clarification about how to state a retaliation claim. (See below.)

---

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.S. § 1915A (2022).

**(j)** does not appear to state a proper legal-access claim. (See below.)

**(k)** names many defendants only in the text, not in the Complaint's heading also, as they should be.

**(l)** possibly inappropriately alleges civil-rights violations on a respondeat-superior theory--i.e., supervisor liability. (See below.)

**(m)** inappropriately names United States Marshals Service (USMS) as a *Bivens* defendant. (See below.)

**(n)** does not adequately affirmatively link defendants to civil-rights violations. (See below.)

**(o)** possibly lacks recognition that negligence is not a federal claim. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding "inadvertent failure to provide adequate medical care" or "medical malpractice does not become a constitutional violation merely because the victim is a prisoner," but instead claim may be alleged properly only by alleging "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs").

**(p)** alleges possible constitutional violations resulting in injuries that appear to be prohibited by 42 U.S.C.S. § 1997e(e) (2022), which reads, "No Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of a physical injury or the commission of a sexual act."

**(q)** needs clarification on an unnecessary-rigor claim under the Utah Constitution. (See below.)

**(r)** possibly alleges crimes by Defendants must be redressed; however, a federal civil-rights is not the proper place to address criminal behavior.

**(s)** possibly inappropriately allege a constitutional right to a grievance process. *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011) (unpublished) ("[T]here is no independent constitutional right to state administrative grievance procedures. Nor does the state's voluntary provision of administrative grievance process create a liberty interest in that process.").

**(t)** is perhaps supplemented with claims from documents filed after the Complaint, which claims should be included in an amended complaint, if filed, and will not be treated further by the Court unless properly included. (ECF Nos. 15-16, 18, 20-22, 24, 26, 34.)

## REPEATED GUIDANCE FOR PLAINTIFF

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain

statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from complying with these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Again, Plaintiff should consider these general points before filing an amended complaint:

(1) The revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint or any other document outside the complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original); *McKnight v. Douglas Cty. Corr. Facility*, No. 21-3030-SAC, 2021 U.S. Dist. LEXIS 118659, at *7 n.1 (D. Kan. June 25, 2021) ("An Amended Complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the Amended Complaint are no longer before the court. Plaintiff may not simply refer to an earlier pleading, and the Amended

Complaint must contain all allegations and claims that Plaintiff intends to pursue in this action, including those to be retained from the original complaint.").

The amended complaint may also not be added to by any other document after it is filed without moving for further amendment.³ Instead, all claims and information must be included in an amended complaint, if one is filed. No material outside the complaint will be treated as additional claims or defendants.

(2) The complaint must (a) "name every defendant in the caption of the amended complaint," *McKnight*, 2021 U.S. Dist. LEXIS 118659, at *7 n.1 (citing Fed. R. Civ. P. 10 ("The title of the complaint must name all the parties . . . .")), and (b) clearly state in the body of the complaint what each defendant--typically, a named government employee--did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Plaintiff should also include, as

---

³ The rule on amending a pleading reads:
    (a) Amendments Before Trial.
        (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
            (A) 21 days after serving it, or
            (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
        (2) Other Amendments. In all other cases, a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
Fed. R. Civ. P. 15.

closely as possible, specific locations, circumstances, and dates of alleged constitutional violations. *McKnight*, 2021 U.S. Dist. LEXIS 118659, at *7 n.1.

(3) Each cause of action, with the facts and citations that directly support it, should be stated separately. Plaintiff should be as brief as possible while still using enough words to fully explain the 'who,' 'what,' 'where,' 'when,' and 'why' of each claim. *Robbins*, 519 F.3d at 1248 ("The [*Bell Atlantic Corp. v.*] *Twombly* Court was particularly critical of complaints that 'mentioned no specific, time, place, or person involved in the alleged [claim].' [550 U.S. 544, 565] n.10 (2007). Presented with such a complaint, 'a defendant seeking to respond to plaintiff's conclusory allegations . . . would have little idea where to begin.' *Id*.").

(4) Grievance denial alone, unconnected to 'violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

(5) "No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.S. § 1997e(a) (2022). However, Plaintiff need not include grievance details in the complaint. Exhaustion of administrative remedies is an affirmative defense that must be raised by Defendants. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

• **Unconstitutional Policies and Practices**

Local governmental entities may not be held liable as defendants under § 1983 based on the doctrine of *respondeat superior*. *See Cannon v. City and County of Denver*, 998 F.2d 867, 877 (10th Cir. 1993); *see also Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978).

But a plaintiff may state a claim for the liability of local-government entities under § 1983 by showing "(1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged." *Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).

- **Inadequate Medical Treatment**

The ban on cruel and unusual punishment requires prison officials to "provide humane conditions of confinement" including "adequate . . . medical care." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)) (quoting *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998)). To state a cognizable claim for failure to provide proper medical care, "a prisoner must allege acts or omissions *sufficiently harmful* to evidence deliberate indifference to serious medical needs." *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993) (emphasis in original) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Any claim must be evaluated under objective and subjective prongs: (1) "Was the deprivation sufficiently serious?" And, if so, (2) "Did the officials act with a sufficiently culpable state of mind?" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

Under the objective prong, a medical need is "sufficiently serious . . .if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock*, 218 F.3d at 1209 (citations & quotation marks omitted). Meanwhile, the subjective component requires the plaintiff to show that prison officials were consciously aware that the prisoner faced a substantial risk of harm and wantonly disregarded the risk "by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). "[T]he 'inadvertent failure to provide

adequate medical care' tantamount to negligence does not satisfy the deliberate indifference standard." *Sparks v. Singh*, 690 F. App'x 598, 604 (10th Cir. 2017) (unpublished) (quoting *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).  Furthermore, "a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." *Perkins v. Kan. Dep't of Corrs.,* 165 F.3d 803, 811 10th Cir. 1999); *see also Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010) ("Disagreement with a doctor's particular method of treatment, without more, does not rise to the level of an Eighth Amendment violation.").

• **Standing**

Any allegations involving violative behavior against inmates or people, other than Plaintiff, are disregarded. Plaintiff lacks standing to bring claims on anyone else's behalf. *See Warth v. Seldin*, 422 U.S. 490, 498-99 (1975) ("As an aspect of justiciability, the standing question is whether the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf.").

• **Pretrial-Detainee Distinctions**

Conditions-of-confinement claims raised by pretrial detainees are assessed under the Fourteenth Amendment's Due Process Clause. *Sanders v. Hopkins*, 131 F.3d 152 (10th Cir. 1997) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). The Due Process Clause proscribes a pretrial detainee from exposure to conditions that "amount to punishment or otherwise violate the Constitution." *Bell*, 441 U.S. at 537. "If a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to punishment.'" *Id*. at 539. Without evidence that prison personnel meant to punish, a decision on

whether the restriction is punitive or incidental to legitimate governmental purpose is based on "'whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it].'" *Stevenson v. Smith*, 980 F.2d 741 (10th Cir. 1992) (citing *Bell*, 441 U.S. at 538). Ensuring facility security and effectually administering a detention facility are valid goals that may support certain restrictions. *Bell*, 441 U.S. at 540.

• **Retaliation**

"It is well-settled that '[p]rison officials may not retaliate against or harass an inmate because of the inmate's exercise of his right of access to the courts.'" *Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010) (quoting *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990)). To show retaliation, Plaintiff must prove three elements: (1) Plaintiff was involved in "constitutionally protected activity"; (2) Defendants' behavior injured Plaintiff in a way that "would chill a person of ordinary firmness from continuing to engage in that activity"; and (3) Defendants' injurious behavior was "substantially motivated" as a reaction to Plaintiff's constitutionally protected conduct. *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007).

• **Legal Access**

The Court notes that Plaintiff's claim(s) may involve legal access. As Plaintiff fashions the amended complaint, Plaintiff should keep in mind that it is well-recognized that prison inmates "have a constitutional right to 'adequate, effective, and meaningful' access to the courts and that the states have 'affirmative obligations' to assure all inmates such access." *Ramos v. Lamm*, 639 F.2d 559, 583 (10th Cir. 1980). In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court expounded on the obligation to provide legal access by stating "the fundamental

constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id*. at 828 (footnote omitted & emphasis added).

However, to successfully assert a constitutional claim for denial of access to courts, a plaintiff must allege not only inadequacy of the library or legal assistance provided but also "that the denial of legal resources hindered [the plaintiff's] efforts to pursue a nonfrivolous claim." *Penrod v. Zavaras*, 84 F.3d 1399, 1403 (10th Cir. 1996) (emphasis added); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). In other words, a plaintiff must show that "denial or delay of access to the court prejudiced h[er] in pursuing litigation." *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996). Moreover, the non-frivolous litigation involved must be "habeas corpus or civil rights actions regarding current confinement." *Carper*, 54 F.3d at 616; *accord Lewis v. Casey*, 518 U.S. 343, 353-55 (1996).

• **Respondeat Superior – Supervisor Liability**

Plaintiff may not name an individual as a defendants based solely on their supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

Further,

> [t]o establish *Bivens* liability, [Plaintiff] must provide evidence that an individual directly and personally participated in the purported constitutional violation. *Pahls*, 718 F.3d at 1226. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676.

*Watson* 741 F. App'x at 551.

10

- **USMS**

The USMS may not be validly sued in a *Bivens* action. *See F.D.I.C. v. Meyer,* 510 U.S. 471, 486 (1994); *Pleasant v. Lovell,* 876 F.2d 787, 793 (10th Cir. 1989). The United States, as sovereign, is immune from suit unless it expressly consents to be sued. *United States v. Testan,* 424 U.S. 392, 399, 96 S. Ct. 948, 47 L. Ed. 2d 114 (1976); *Bivens,* 403 U.S. at 410; *Ascot Dinner Theatre, Ltd. v. Small Business Admin.,* 887 F.2d 1024, 1027 (10th Cir. 1989).

- **Affirmative Link – Personal Participation**

Regarding naming defendants and linking each of them to the specific behavior that constitutes a cause of action:

> [A] plaintiff who brings a constitutional claim under § 1983 can't obtain relief without first satisfying the personal-participation requirement. That is, the plaintiff must demonstrate the defendant "personally participated in the alleged constitutional violation" at issue. *Vasquez v. Davis*, 882 F.3d 1270, 1275 (10th Cir. 2018). Indeed, because § 1983 is a "vehicle[] for imposing personal liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (explaining when plaintiff brings § 1983 claims against multiple defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*"); *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532-33 (10th Cir. 1998)) (holding district court's analysis of plaintiff's § 1983 claims was "infirm" when district court "lump[ed]" together plaintiff's claims against multiple defendants-- "despite the fact that each of the defendants had different powers and duties and took different actions with respect to [plaintiff]"— and "wholly failed to identify specific actions taken by particular defendants that could form the basis of [a constitutional] claim").

*Estate of Roemer v. Johnson*, 764 F. App'x 784, 790-91 (10th Cir. 2019).

"A plaintiff's failure to satisfy this requirement [of pleading personal participation by each defendant] will trigger swift and certain dismissal." *Id*. at 790 n.5. The Tenth Circuit has "gone so far as to suggest that failure to satisfy the personal-participation requirement will not only justify dismissal for failure to state a claim; it will render the plaintiff's claim frivolous." *Id*.

### • Unnecessary Rigor

Regarding validly stating specific defendants' behavior has met the elements of an unnecessary-rigor cause of action:

> Article I, § 9 of the Utah Constitution states in part, "[p]ersons arrested or imprisoned shall not be treated with unnecessary rigor." Although this clause "closely approximates the language of the Eighth Amendment," it has no federal counterpart. *Dexter v. Bosko*, 2008 UT 29, 184 P.3d 592, 595. The Utah Supreme Court has had "few opportunities to interpret or apply the unnecessary rigor." *Id.* Nonetheless, the Utah Supreme Court has held that the unnecessary rigor clause "'protects [prisoners and arrestees] against unnecessary abuse . . . that is 'needlessly harsh, degrading or dehumanizing.'" *Id. at 595* (quoting *Bott v. Deland*, 922 P.2d 732, 737 (Utah 1996)). To state a claim for a violation of the unnecessary rigor clause, the violation "'must arise from 'treatment that is clearly excessive or deficient and unjustified, not merely the frustrations, inconveniences, and irritations that are common to prison life.'" *Id*. at 597 (quoting *Bott*, 922 P.2d at 741). When the claim of unnecessary rigor arises from an injury, a constitutional violation is made out only when the act complained of presented a substantial risk of serious injury for which there was no reasonable justification at the time. *Id*. (quoting *Bott*, 922 P.2d at 741). The conduct at issue, moreover, "must be more than negligent to be actionable." *Id.*
> In addition to these requirements, a plaintiff must also establish three elements to support an unnecessary rigor claim: (1) "A flagrant violation of his or her constitutional rights;" (2) "Existing remedies do not redress his or her injuries;" and, (3) "Equitable relief, such as an injunction, was and is wholly inadequate to protect the plaintiff's rights or redress his or her injuries." *Id*. at 597-98 (quoting *Spackman v. Bd. of Educ.*, 2000 UT 87, 16 P.3d 533, 538-39 (Utah 2000)).

> . . . [However, Plaintiff's] § 1983 claims likely serve as existing remedies that redress his injuries[, mooting the need to also bring an unnecessary rigor claim]."

*Asay v. Daggett County*, No. 2:18-CV-422, 2019 U.S. Dist. LEXIS 5794, at *18-20 (D. Utah Jan. 11, 2019).

## ORDER

**IT IS HEREBY ORDERED** that:

**(1)** For the reasons cited in the Court's Order denying Plaintiff's first motion for appointed counsel, (ECF Nos. 4, 6), Plaintiff's second and third motions for appointed counsel are **DENIED**. (ECF Nos. 35, 38.) The Court's prior Order stated, "if, after the case is screened, it appears that counsel may be needed or of specific help, the Court may ask an attorney to appear *pro bono* on Plaintiff's behalf." (ECF No. 6.) This statement remains applicable; thus, no further prompting from Plaintiff is needed.

**(2)** Plaintiff must within thirty days cure the Complaint's deficiencies noted above by filing a single document entitled, "Amended Complaint," that does not refer to or include any other document. The Amended Complaint **MAY NOT** include claims outside or beyond what was already contained in the complaint originally filed here. If an amended complaint is filed, the Court will screen it for dismissal or an order effecting service upon valid defendants.

**(3)** The Clerk's Office shall mail Plaintiff the Pro Se Litigant Guide with a blank-form civil-rights complaint which Plaintiff must use if Plaintiff wishes to pursue an amended complaint.

**(4)** If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

**(5)** Plaintiff *shall not* try to serve an amended complaint on Defendants; instead, the Court will perform its screening function and determine itself whether the amended complaint warrants service. No motion for service of process is needed. *See* 28 U.S.C.S. § 1915(d) (2022) ("The officers of the court shall issue and serve all process, and perform all duties in [*in forma pauperis*] cases.").

**(6)** For the time being, the Court will accept one document from Plaintiff--the required amended complaint. Any further filings not invited by the Court shall be returned to sender by the Clerk of Court.

DATED this 27th day of December, 2022.

BY THE COURT:

JUDGE TED STEWART
United States District Court